NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2013
Decided August 16, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3197

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 CR 543-1 |
| GARY CHEETHAM, | |
| *Defendant-Appellant.* | John F. Grady, *Judge*. |

## O R D E R

Gary Cheetham used an online file-sharing program to distribute 11 images of child pornography to an undercover FBI agent. After police searched his home and seized his computers, he pleaded guilty to transporting and possessing child pornography. *See* 18 U.S.C. § 2252A(a)(1), (a)(5)(B). The district court sentenced him to concurrent terms totaling 240 months in prison, below his guidelines range of 262 to 327 months. Based on the parties' agreement, the court ordered $21,000 in restitution to three victims identified in the images. *See* 18 U.S.C. § 2259. Cheetham filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Cheetham has not accepted our

invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel begins by telling us that Cheetham does not wish to challenge his guilty pleas. For that reason counsel properly refrains from discussing the voluntariness of those pleas or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

In her *Anders* submission, counsel considers whether Cheetham could challenge his sentence but correctly concludes that any appellate claim would be frivolous. Cheetham did not object to the district court's application of the sentencing guidelines, and counsel has not identified any potential error in the court's calculations. Cheetham's below-guidelines prison sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012), and we agree with counsel that the record presents no basis to set that presumption aside. The district court considered the sentencing factors in 18 U.S.C. § 3553(a), noting Cheetham's lack of criminal history and post-offense participation in counseling but concluding that a 20-year sentence is necessary to prevent him from sharing child pornography and to deter others. *See id.* § 3553(a)(1), (a)(2)(B), (a)(2)(C).

Counsel also analyzes whether Cheetham could challenge the award of restitution as untimely under 18 U.S.C. § 3664(d)(5). According to the lawyer, the sentencing court disregarded that provision by not imposing restitution until more than 90 days "after the initial sentencing hearing and . . . determination of the length of imprisonment." What § 3664(d)(5) says is that a district judge "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing," if those losses cannot be determined in advance. Appellate counsel assumes that "90 days after sentencing" means 90 days after the sentencing proceedings commenced. In this case the judge started those proceedings in February 2012 and announced a prison sentence but—after several continuances—did not finish the sentencing process until September. In fact, in September the judge shortened one of Cheetham's concurrent prison terms (though not the overall sentence) after realizing that the statutory maximum had been exceeded. The court imposed restitution on that same date and afterward entered a single written judgment that includes both the prison and restitution components of Cheetham's sentence. A district court may spread out the sentencing process over more than one date, *see United States v. Shah*, 665 F.3d 827,

832–34 (7th Cir. 2011); *United States v. Davis*, 442 F.3d 1003, 1006–08 (7th Cir. 2006); *United States v. Luna-Acosta*, 715 F.3d 860, 866 (10th Cir. 2013), and we doubt that the words "after sentencing" as used in § 3664(d)(5) could mean a time *before* the court has declared the sentencing process complete (with the exception of the loss amount). At all events, an appellate claim about the purported noncompliance with § 3664(d)(5) would be frivolous because missing the 90-day deadline does not preclude the sentencing court from imposing restitution if, as was true in this case, the defendant was on notice of the court's intention to do so. *See Dolan v. United States*, 130 S. Ct. 2533, 2537 (2010).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.